No. 16-15141

### In the
### United States Court of Appeals for the Ninth Circuit

―――――――――――――――

CTIA – THE WIRELESS ASSOCIATION,

*Plaintiff-Appellant,*

v.

CITY OF BERKELEY, CALIFORNIA, and CHRISTINE DANIEL, CITY MANAGER OF BERKELEY, CALIFORNIA, in her official capacity,

*Defendants-Appellees.*

―――――――――――――――

Appeal from the United States District Court
Northern District of California
Honorable Edward M. Chen ~ Case No. 3:15-cv-02529-EMC

―――――――――――――――

**SURREPLY BRIEF OF APPELLEES
CITY OF BERKELEY AND CHRISTINE DANIEL**

―――――――――――――――

| | |
|---|---|
| ZACH COWAN | LESTER LAWRENCE LESSIG III |
|   City Attorney | 1563 Massachusetts Avenue |
| SAVITH IYENGAR | Cambridge, MA 02138 |
|   Deputy City Attorney | |
| Berkeley City Attorney's Office | AMANDA SHANOR |
| 2180 Milvia Street, Fourth Floor | 127 Wall Street |
| Berkeley, CA 94704 | New Haven, CT 06511 |
| Telephone: (510) 981-6998 | |
| Facsimile: (510) 981-6960 | |

Counsel for Appellees CITY OF BERKELEY and CHRISTINE DANIEL

# TABLE OF CONTENTS

Page

Surreply Brief ............................................................................................. 1

Certificate of Compliance ........................................................................... 8

Certificate of Service .................................................................................. 9

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Bastidas v. Chappell*,
   791 F.3d 1155 (9th Cir. 2015) ............................................................. 3

*El Paso City of Tex. v. Am. W. Airlines, Inc.*,
   217 F.3d 1161 (9th Cir. 2000) ......................................................... 2, 3

*Loher v. Thomas*,
   -- F.3d --, 2016 WL 3361545 (9th Cir. June 17, 2016) ........................ 2

*Smith v. Marsh*,
   194 F.3d 1045 (9th Cir. 1999) ............................................................. 2

*Thompson v. Comm'r*,
   631 F.2d 642 (9th Cir. 1980) ............................................................... 2

*United States v. Mejia–Pimental*,
   477 F.3d 1100 (9th Cir. 2007) ............................................................. 2

**Statutes**

47 U.S.C. § 302a(b) ..................................................................................... 6

**Regulations**

47 C.F.R. § 2.915(b) .................................................................................... 6

**Other Authorities**

*FCC General RF Exposure Guidance* (v05r02, February 7, 2014) .......... 4

*FCC General RF Exposure Guidance* (v06, October 23, 2015),
http://bit.ly/1R5p3vo ........................................................................... 3, 4, 6

*In re Reassessment of FCC Radiofrequency Exposure Limits & Policies
et al.*, FCC Rcd. 3498 (2013).................................................................. 3, 5

Throughout this litigation, Berkeley has maintained that the FCC requires cell phone manufacturers to include in their manuals essentially the same information Berkeley would require retailers to provide at the point of sale.

In its reply, and for the first time in this litigation, CTIA argues there is no such FCC requirement. *See* Appellant's Reply Br. (Dkt. No. 60) at 1, 14-15, 26. The obligations stated by the FCC "in the KDB are 'not binding,'" CTIA now maintains. *Id*. at 26. The FCC thus does not "compel speech" — unlike, it argues, the City of Berkeley.

Berkeley submits this surreply to make clear that CTIA's newly minted claim is doubly waived and, in any event, untrue, as CTIA itself has previously conceded.

CTIA's newfound argument is nowhere in its numerous submissions or two oral arguments before the District Court. *See* ER 49-111, 131-62, 169-231, 232-64, 296-316, 321-43. Nor did CTIA make that argument at any earlier point before this Court, including its opening brief (Dkt. No. 30) or motions filings (Dkt. Nos. 13, 28).

That is so even though the City repeatedly referenced the FCC's disclosure requirement in this Court and below. *See, e.g.*, ER 265-66, 268, 274-75, 277, 280-81, 284-89; ER 317, 322-23; Opp'n of Defs. to Mot.

1

for Prelim. Inj. (Dkt. No. 24) at 2, 4, 14, 16, 19. And it is so despite the District Court's repeated discussion of the FCC's disclosure requirement. *See* ER 4-5, 14, 27-28, 31; ER 33 ("That is the upshot of [Berkeley's] disclosure – users are advised to consult the manual wherein the FCC itself mandates disclosures about maintaining spacing."); ER 36-37; ER 37 ("[Berkeley's] notice was consistent with the FCC's requirement").

Under established law, CTIA's newfound contention is doubly waived. First, "appellants cannot raise a new issue for the first time in their reply briefs." *Thompson v. Comm'r*, 631 F.2d 642, 649 (9th Cir. 1980). This Court "address[es] only issues which are argued specifically and distinctly in a party's opening brief." *Loher v. Thomas*, -- F.3d --, 2016 WL 3361545, at *12 (9th Cir. June 17, 2016) (quotation omitted); *see also, e.g.*, *United States v. Mejia–Pimental*, 477 F.3d 1100, 1105 n.9 (9th Cir. 2007); *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("[A]rguments not raised by a party in its opening brief are deemed waived.").

Second, this Court "will not consider arguments raised for the first time on appeal" absent "exceptional circumstances" not present here. *El Paso City of Tex. v. Am. W. Airlines, Inc.*, 217 F.3d 1161, 1165 (9th

Cir. 2000); *see also, e.g.*, *Bastidas v. Chappell*, 791 F.3d 1155, 1159 (9th Cir. 2015) ("[A] party who does not complain of an issue in the district court forfeits his right to review of that issue on appeal.").

In any event, CTIA's newly minted argument is false, as CTIA has repeatedly acknowledged. CTIA now cites authority predating the change in the FCC's requirements. But since 2014, the *FCC RF Exposure Guidance* has been mandatory:

> The guidance in this document . . . must be applied for equipment approval, unless further guidance provided by the FCC is applied. . . .
>
> 2. GENERAL EQUIPMENT APPROVAL REQUIREMENTS
>
> Applications for equipment authorization must meet all the requirements described in the applicable *published RF exposure KDB procedures* . . . . When . . . not fully applied, prior approval from the FCC is generally required . . . . All deviations from these requirements must be confirmed through KDB inquiries.

*FCC General RF Exposure Guidance* §§ 1-2 (v06, October 23, 2015), http://bit.ly/1R5p3vo; *see also id.* at § 1 ("This document is one of . . . the *published RF exposure KDB procedures*."). Between 2001 and 2014, the FCC encouraged RF exposure disclosures. *Reassessment,* 28 F.C.C. Rcd. 3498, 3587 (2013); OET Bulletin 65 Supplement C (2001). After 2014, that encouragement became a requirement:

3

> <u>Specific information must be included in the operating manuals</u> to enable users to select body-worn accessories that meet the minimum test separation distance requirements. <u>Users must be fully informed</u> of the operating requirements and restrictions . . . to maintain [SAR] compliance. . . . All supported body-worn accessory operating configurations <u>must be clearly disclosed to users through conspicuous instructions</u> in the user guide and user manual to ensure unsupported operations are avoided.

*FCC General RF Exposure Guidance* § 4.2.2(d) (v06, October 23, 2015), *see also FCC General RF Exposure Guidance* § 4.2.2(4) (v05r02, February 7, 2014) (same).

CTIA has explicitly and repeatedly acknowledged that the FCC's disclosure policy is a "requirement" both in the District Court and this Court.

In the District Court, for example, CTIA argued that Berkeley's "Amended Ordinance conflicts with the FCC's disclosure <u>requirement</u>." ER 323 (emphasis added); *see also* ER 331, 333 n.4. Likewise it argued that "[t]he manner in which Berkeley requires CTIA's members to deliver Berkeley's message—at the point of sale, rather than in a user manual—also distinguishes the Ordinance from the FCC's <u>requirements</u>." ER 306 (emphasis added); *see also* ER 308. And at oral argument before the District Court, CTIA's counsel, Mr. Theodore Olson, acknowledged the FCC's requirement:

4

> MR. OLSON: Here the FCC . . . included a balance to allow the manufacturers and retailers flexibility with respect to how these messages were sent.
>
> THE COURT: Allow them flexibility, <u>but it mandates under the 4.2.24 of the exposure guidelines that they have to have some instructions</u> about orienting the device in accordance with test results --
>
> MR. OLSON: <u>Absolutely</u>.

ER 195 at 27:6-15 (Aug. 20, 2015) (emphasis added); *see also* ER 199-200 at 31:17-32:18; ER 207-08 at 39:16-40:13; ER 65-66.

In this Court too, CTIA acknowledged the FCC's requirement. *See* CTIA's Reply in Supp. of Urgent Mot. for Prelim. Inj. (Dkt. No. 28) at 8-9 (contending Berkeley's argument "rests on a mischaracterization of the FCC's actual requirements"); *id.* at 10 ("CTIA's members provide exactly the information that the FCC requires of them").

Although its new argument is flatly contradicted by its numerous earlier statements, CTIA now attempts to obscure the FCC's requirement with selective quotations. Its quotation for the proposition that the manual disclosures are "voluntary" is dated prior to the issuance of the 2014 Guidance. Appellant's Reply Br. at 15 (quoting *Reassessment*, ¶ 234).

The rest of CTIA's submission attempts to confuse the Court with discussions of the status of the KDB Guidance as policy statements, not

legislative rules. *See id.* at 14-15, 26. That distinction has no bearing here. The FCC's stated policy is that manufacturers "must" provide manual disclosures, *FCC RF Exposure Guidance*, § 4.2.2(d), or seek a waiver of that requirement, *id.* §§ 1-2. CTIA cannot credibly contend otherwise. Nor does CTIA contend that the waiver process would constitute any less of a regulation of speech than the FCC's policy of mandating disclosures. And CTIA cannot reasonably assert that its members could ignore the FCC's disclosure regime as "merely suggestive," Appellant's Reply Br. at 15, without risking FCC approval.[1] Whether the KDB Guidance is a policy statement or a rule produced by notice and comment is thus irrelevant to the First Amendment question. Certainly, were CTIA to challenge the FCC's policy it would not contend otherwise.

CTIA has not challenged the FCC's disclosure regime or its SAR

---

[1] FCC grants are additionally routinely conditioned on these disclosures, which manufactures must follow pursuant to 47 U.S.C. § 302a(b) ("No person shall manufacture, import, sell, offer for sale, or ship devices . . . which fail to comply with regulations promulgated pursuant to this section."); *see also* 47 C.F.R. § 2.915(b) ("Grants will be made in writing showing . . . any special condition(s) attaching to the grant."). *See, e.g.*, Grant for FCC ID A3LSMG900A (grant for Samsung Galaxy S5 providing that "[e]nd-users must be informed of the body-worn operating requirements for satisfying RF exposure compliance."), http://bit.ly/2bRTqqj; Grant for FCC ID BCG-E2599A (grant for iPhone 5, including same), http://bit.ly/2bjtAgU.

6

regulations.  Realizing the damming nature of that fact, CTIA has belatedly come to the unfounded contention that the FCC doesn't require any disclosures at all.

After a period of voluntary disclosure, the FCC now requires cell phone manufacturers to include in their manuals the same kind of information Berkeley would require retailers provide at the point of sale.  That fact is the law of this case and cannot now be challenged in a reply brief on appeal.

Dated: August 25, 2016        Respectfully submitted,

                                  LESTER LAWRENCE LESSIG, III
                                  AMANDA SHANOR
                                  ZACH COWAN, City Attorney
                                  SAVITH IYENGAR, Deputy City Attorney

                                  /s/ Lester Lawrence Lessig, III

## Certificate of Compliance

Pursuant to Federal Rule of Appellate Procedure 32(a)(7)(C) and Ninth Circuit Rule 32-1, I certify that the foregoing Surreply Brief of Appellees is proportionately spaced in Century Schoolbook font, has a typeface of 14 points, and contains 1,387 words (which constitutes less than five pages, or 1,400 words), excluding the portions exempted by Federal Rule of Appellate Procedure 32(a)(7)(B)(iii), according to the word count feature of Microsoft Word 2013 used to generate this brief.

/s/ Lester Lawrence Lessig, III

9th Circuit Case Number(s) | 16-15141

**NOTE:** To secure your input, you should print the filled-in form to PDF (File > Print > *PDF Printer/Creator*).

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## CERTIFICATE OF SERVICE
When All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date) Aug. 25, 2016.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Signature (use "s/" format) | /s/  Joanna K. Rudy

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## CERTIFICATE OF SERVICE
When Not All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date) _____.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:

Signature (use "s/" format)